

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

April 23, 2018

The Honorable Sid Miller
Commissioner
Texas Department of Agriculture
Post Office Box 12847
Austin, Texas 78711

Opinion No. KP-0193

Re: Whether the Department of Agriculture's rules regarding devices weighing food sold for immediate consumption conflict with section 13.1002 of the Agriculture Code (RQ-0189-KP)

Dear Commissioner Miller:

You ask whether rules adopted by the Department of Agriculture ("the Department") to implement a recent legislative measure are consistent with the language of the statute and the bill author's and sponsor's intent.[1]

The Legislature gave the Department authority to "supervise all weighing or measuring devices sold or offered for sale in this state." TEX. AGRIC. CODE § 13.002(a). Generally, "a person who owns or operates a commercial weighing or measuring device shall register the device with the department before using the device for a commercial transaction." Id. § 13.1011(a). Registration of the device includes "a fee, as provided by department rule," and the Department must generally inspect and test a device at least once every four years if the device is used "in proving the weight or measure . . . of any item." Id. §§ 13.101(a)(1), .1151(a); see also 4 TEX. ADMIN. CODE § 12.12 (Tex. Dep't of Agric., Fee Schedule for Commercial Weighing and Measuring Devices and Consumer Info. Stickers). The Department may, by rule, exempt a weighing or measuring device from the application of registration and inspection requirements. See TEX. AGRIC. CODE §§ 13.101(a), .1011(a). During the past legislative session, the Legislature passed House Bill 2029, adding section 13.1002 to the Agriculture Code, which provides:

> Notwithstanding any other law, a commercial weighing or measuring device that is exclusively used to weigh food sold for immediate consumption is exempt from this subchapter, including the inspection requirements under Section 13.101 and the registration requirements under Section 13.1011.

Id. § 13.1002.

---

[1]Letter from Honorable Sid Miller, Comm'r, Tex. Dep't of Agric., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 23, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

To implement this statute, the Department adopted new rules. *See* 4 TEX. ADMIN. CODE §§ 12.1(8), (10), .13(c)(5). You tell us that the Legislature did not define the phrase "food sold for immediate consumption," so the Department adopted a rule defining the phrase "Food for Immediate Consumption" as:

> Food or meals prepared, served or sold by restaurants, lunch counters or cafeterias that when sold requires no further preparation by the purchaser prior to consumption *on the premises*, except for:
>
> (a) refrigerated food that is typically reheated prior to eating;
>
> (b) sliced luncheon products such as meat, poultry or cheese when sold separately;
>
> (c) food that is only cut, repackaged or pasteurized by the seller; or
>
> (d) fruits and vegetables.

*Id.* § 12.1(8) (emphasis added); *see also* Request Letter at 4. The Department also defined "Immediate Consumption Food Scales" as a "scale exclusively used to weigh food sold for immediate consumption on premises," and it adopted a rule exempting immediate consumption food scales from the Department's registration and inspection requirements. 4 TEX. ADMIN. CODE §§ 12.1(10), .13(c)(5).

You explain that after the adoption of these rules, entities challenged their validity, and the legislators who authored and sponsored House Bill 2029 stated that the rules go beyond the Legislature's intent. *See* Request Letter at 2. Opponents of the new rules argue that inclusion of the phrase "on the premises" in Rule 12.1(8) is inconsistent with the language of the statute. *Id.* You therefore ask whether the new rules are consistent with section 13.1002 of the Agriculture Code and the author's and sponsor's intent in enacting House Bill 2029. *See id.* at 1.

We first address the issue of legislative intent. The words the Legislature chose are "the surest guide to legislative intent." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999).[2] Thus, when possible, courts discern legislative intent from the plain meaning of the words in a statute. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). This general rule applies unless enforcing the plain language of the statute as written would produce absurd results. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). Neither

---

[2]Attached to your request, you include a letter sent from the author and sponsor of House Bill 2029 to the Department. The letter explains that the rules adopted by the Department "added language that goes beyond this legislation's original intent, only exempting devices at food establishments where food is sold for immediate consumption 'on the premises.'" *See* Letter from Honorable Charles Perry, Chair, Senate Comm. on Agric., Water & Rural Affairs, to Honorable Sid Miller, Comm'r, Dept. of Agric. at 1 (Oct. 17, 2017) (on file with the Op. Comm.). While legislators are free to share their understanding of the laws they passed, courts will not consider post-enactment commentary by legislators as evidence of legislative intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 446-47 (Tex. 2009). Instead, courts will look to the words the Legislature enacted. *Id.*

the Department nor the opponents of the new administrative rules claim that section 13.1002 is ambiguous or would lead to absurd results, and we agree.[3]  Therefore, determining whether the Department's new rules comply with the legislative intent requires analyzing whether the rules are consistent with the language chosen by the Legislature in section 13.1002 of the Agriculture Code.

"[A] state administrative agency has only those powers that the Legislature expressly confers upon it" and those implied powers that are reasonably necessary to carry out its express duties. *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315 (Tex. 2001). It may "adopt only such rules as are authorized by and consistent with its statutory authority." *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 33 (Tex. 2017). "Courts generally presume that agency rules are valid, so parties who challenge a rule have the burden of proving its invalidity." *Id.* To establish a rule's facial invalidity, a challenger "must show that the rule: (1) contravenes specific statutory language; (2) runs counter to the general objectives of the statute; or (3) imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions." *Id.*

The exemption in section 13.1002 applies only to devices weighing "food sold for immediate consumption." TEX. AGRIC. CODE § 13.1002.  You explain that in writing its new rules, the Department focused on the term "immediate" and that dictionaries defined the word "in terms of passage of time, without the intervention of another object, cause or agency, without loss or interval of time, and near to or related to the present." Request Letter at 5.  Based on these definitions, the Department determined that "food taken out of the restaurant and consumed after leaving the restaurant is not 'food sold for immediate consumption.'" *Id.* Thus, the Department contends its rules require the purchaser to eat the food on the premises in order for the device to qualify for the exemption. *See* 4 TEX. ADMIN. CODE §§ 12.1(8), (10), .13(c)(5).

Section 13.1002 requires that to receive the exemption, devices must only measure food capable of immediate consumption. TEX. AGRIC. CODE § 13.1002. Thus, a device measuring any food requiring further preparation before consumption would not qualify for the exemption. However, while the statute requires the devices be used "to weigh food *sold for* immediate consumption," the Department instead defined "Food for Immediate Consumption," omitting "sold for" in the term it defined. *Id.*; 4 TEX. ADMIN. CODE § 12.1(8). The language of the statute requires that the vendor sell food that a consumer can eat immediately, but it does not mandate where or when the purchaser will eat that food. Nor does it require that the seller provide a space for the consumer to eat. On the other hand, the Department's rules require actual consumption of the food on the premises, placing additional conditions on the buyer and seller in order for a device to be exempt from Department regulation. 4 TEX. ADMIN. CODE § 12.1(8). A court would therefore likely conclude that the Department's rules implementing section 13.1002 are invalid to the extent the rules impose the additional burden, beyond what the statute requires, of a purchaser consuming food on the premises. *See Harlingen Family Dentistry, P.C. v. Tex. Health & Human Servs. Comm'n*, 452 S.W.3d 479, 486–87 (Tex. App.—Austin 2014, pet. dism'd) (invalidating agency rules that imposed conditions in excess of those authorized by statute).

---

[3]*See* Request Letter at 4 ("The Department acknowledges that the meaning of HB 2029 is clear . . . .").

## S U M M A R Y

A court would likely conclude that the Department of Agriculture's rules implementing section 13.1002 of the Agriculture Code are invalid to the extent the rules impose the additional burden of requiring a purchaser to consume food on the premises in order for the seller to obtain an exemption from Department regulation over devices used to weigh food sold for immediate consumption.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee